UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WANG XANG XIONG, JUA THAO XIONG, KELLY A. AMUNDSON, DAVID L. GATHERIDGE, JUDY K. GATHERIDGE, EMILY BEHR, JACOB LEE BEHR, TAYLOR P. BOWERS, CARLLIE K. BOWERS, JULIA H. ESPEY, JAMES J. FISHER, DONNA NELSON, JAMES J. SHEEHAN, DANI F. PATTERSON, ANNE C. PATTERSON, GWEN E. LYSNE, DAVID H. KAEDING, VIRGINIA M. KAEDING, JAMES B. SCHELLING, JACKI A. SCHELLING, LUANN ZAUDTKE, MILISSA O. TATRO, MICHELLE LEE, ERIK T. ROTTO, and JESSIKA C. ROTTO,<br><br>                        Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, INC., THE BANK OF NEW YORK MELLON, *formerly known as* THE BANK OF NEW YORK, FEDERAL HOME LOAN MORTGAGE CORPORATION, and PETERSON, FRAM AND BERGMAN, P.A.,<br><br>                        Defendants. | Civil No. 11-3377 (JRT/JSM)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE** |

William B. Butler, **BUTLER LIBERTY LAW, LLC**, 33 South 6th Street, Suite 4100, Minneapolis, MN 55402, for plaintiffs Wang Xang Xiong, Jua Thao Xiong, Kelly A. Amundson, David L. Gatheridge, Judy K. Gatheridge, Taylor P. Bowers, Carllie K. Bowers, Julia H. Espey, James J. Fisher, Donna Nelson, James J. Sheehan, Gwen E. Lysne, David H. Kaeding, Virginia M. Kaeding, James B. Schelling, Jacki A. Schelling, LuAnn Zaudtke, Milissa O. Tatro, Michelle Lee, Erik T. Rotto, and Jessika C. Rotto.

    Emily Behr, 7800 Woodlawn Drive, Mounds View, MN 55112, plaintiff *pro se*.

    Jacob Lee Behr, 7800 Woodlawn Drive, Mounds View, MN 55112, plaintiff *pro se*.

    Dani F. Patterson, 10318 Toledo Circle, Bloomington, MN 55432, plaintiff *pro se*.

    Anne C. Patterson, 10318 Toledo Circle, Bloomington, MN 55432, plaintiff *pro se*.

    Alan H. Maclin, Benjamin E. Gurstelle, Mark G. Schroeder, **BRIGGS & MORGAN, PA**, 80 South 8th Street, Suite 2200, Minneapolis, MN 55402 and Thomas M. Hefferon, **GOODWIN PROCTER LLP**, 901 New York Avenue Northwest, Washington, DC 20001, for defendants Bank of America, N.A., BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., The Bank of New York Mellon, and Federal Home Loan Mortgage Corporation.

    Jared M. Goerlitz and Steven H. Bruns, **PETERSON FRAM & BERGMAN, P.A.**, 55 East 5th Street, Suite 800, St. Paul, MN 55101, for defendant Peterson, Fram and Bergman, P.A.

This case is one of more than thirty cases filed in this district in which the plaintiffs are represented by William B. Butler — in each, the plaintiffs challenge the validity of their mortgages in an attempt to prevent foreclosure. The matter is before the Court on Plaintiffs' motion to remand and for leave to amend the complaint and motions to dismiss brought by Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., the Bank of New York Mellon, Federal Home Loan Mortgage Corporation, and Peterson, Fram and Bergman, P.A. (collectively, "Defendants").

On August 10, 2012, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiffs'

motion to remand and grant the Defendants' motions to dismiss.  (Docket No. 65.) Plaintiffs made timely objections to the R&R.[1]  Having conducted a *de novo* review of those portions of the R&R to which Plaintiffs object, *see* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b), and having carefully reviewed the submitted materials, the Court overrules Plaintiffs' objections and adopts the R&R.[2]

## BACKGROUND[3]

Plaintiffs originally brought this action in Hennepin County District Court on or about October 28, 2011, asserting thirteen claims against Defendants.  (*See* Notice of Removal, Ex. B (Compl. ¶¶ 125-206), Nov. 17, 2011, Docket No. 1.)  Plaintiffs' complaint sought an order quieting title in Plaintiffs' properties and awarding monetary damages, declaratory and injunctive relief, return of sums paid, and other relief.  (*Id.* ¶¶ A-H.)  Defendants removed the case to this Court on November 17, 2011.  (Docket No. 1.)

Plaintiffs object to the R&R's conclusion that this Court has subject matter jurisdiction because they claim the R&R incorrectly concluded that Peterson, Fram and Bergman, P.A. ("Peterson") was fraudulently joined.  Plaintiffs specifically object to the

---

[1] Plaintiffs' lawyer, William B. Butler, used 4,976 words, substantially exceeding the 3,500 word limit for objections set forth in D. Minn. LR 72.2(d).  The Court cautions Butler that it will sanction him if he exceeds the word limits set forth by this Court in the future.

[2] Peterson, Fram and Bergman, P.A. has moved to join in the other Defendants' response to Plaintiffs' objections.  (Docket No. 69.)  The Court will grant this motion.

[3] The Court recites the background of this case only to the extent necessary to rule on Plaintiffs' objections.  A more thorough background is available in the Magistrate Judge's R&R.

R&R's determination that their quiet title and slander of title claims are invalid.[4] The Court will address each of these objections.[5]

## ANALYSIS

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states "a claim to relief that is plausible on its face." *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads

---

[4] Plaintiffs also object because, they allege, "[t]he Magistrate in [her] R&R characterizes each and every claim as one premised on the theory that in order to foreclose by advertisement in Minnesota, the mortgage must be a holder of the note." (Pl.'s Objections at 11, Aug. 24, 2012, Docket No. 66.) This is an inaccurate description of the R&R. The R&R did not conclude that every claim was based on show-me-the-note theory; instead, the R&R meticulously explained a variety of reasons why Plaintiffs' claims failed.

[5] This show-me-the-note argument is, in short, that a mortgage is not valid (and cannot be foreclosed upon) unless the mortgagee holds the note secured by the mortgage. The argument has been addressed and rejected by the Minnesota Supreme Court, *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 489-90 (Minn. 2009), and the United States Court of Appeals for the Eighth Circuit, *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 979-80 (8th Cir. 2011).

facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (citation omitted) (internal quotation marks omitted). Finally, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## II. SUBJECT MATTER JURISDICTION

Plaintiffs object to this Court's exercise of jurisdiction because they claim the R&R incorrectly concluded that Peterson was fraudulently joined and did not address *Mutua v. Deutsche Bank Nat'l Trust Co.*, No. 11–3761, 2012 WL 1517241 (D. Minn. Apr. 30, 2012).[6] In general, for a removed action, complete diversity must exist when the state complaint and the petition for removal are filed. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). Application of this rule here would mean that the Court did not have jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because at the time of filing and removal, Peterson's citizenship destroyed diversity. The fraudulent-joinder exception, however, prevents a plaintiff from defeating a defendant's right of removal by fraudulently joining a defendant. *Knudson*, 634 F.3d at 976.

"[T]o prove that a plaintiff fraudulently joined a diversity-destroying defendant . . . a defendant seeking removal [must] prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Id.* at 977

---

[6] Defendants argue that the Court need not address this argument because Plaintiffs did not present it to the Magistrate Judge and Plaintiffs were "required to present all of [their] arguments to the magistrate judge, lest they be waived." *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Although Plaintiffs no doubt should have raised this argument earlier, the Court finds that the argument is not waived because it is jurisdictional in nature. *See* 28 U.S.C. § 1447(c); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998).

(citation omitted).  The R&R concluded that Plaintiffs failed to state any viable claim against Peterson or the other Defendants because each claim was based on a show-me-the-note theory or was otherwise meritless.  As the R&R aptly explained, each claim should be dismissed.  Moreover, identical or virtually identical claims have been repeatedly rejected by this Court (and virtually every judge in this district) – usually because they are based on a show-me-the-note theory—thus, Plaintiffs' claims have no reasonable basis in fact and law.

The Court has carefully considered *Mutua* and concludes that here, in contrast, Plaintiffs have not pled, and the Court cannot discern, "an unusually problematic chain of title."  2012 WL 1517241, at *7.  The Court, therefore, concludes that Peterson was fraudulently joined.  Without Peterson, whose citizenship may be disregarded, the Court has diversity jurisdiction over this action pursuant to § 1332.  Because jurisdiction is proper, Plaintiffs' motion to remand will be denied.[7]

## II.   QUIET TITLE

Plaintiffs object that the Magistrate Judge should not have recommended the dismissal of their quiet title claim.  The Court overrules this objection.  First, Plaintiffs' quiet title claim alleged that their mortgages are invalid because the Defendants were not in possession of the original notes, were not the holders of the original notes, and were not the holders in due course of the original notes.  (Compl. ¶ 128.)  These allegations are based on a discredited show-me-the-note theory.  It is well established that Defendants

---

[7] The R&R rejected Plaintiffs' two other theories supporting remand: the prior exclusive jurisdiction doctrine and the presence of Torrens properties in this action.  Plaintiffs do not raise these issues in their objections so the Court will not specifically address them.

are not required to possess or hold the original notes in order to foreclose. *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 979-80 (8th Cir. 2011); *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009).

Second, as the Magistrate Judge properly concluded, the remainder of the quiet title claim consists of "general allegations regarding the invalidity of the mortgages, such as the mortgages were not perfected, the required notices were not executed by an authorized person, and the assignments of the mortgages were invalid, [which] are conclusory statements and not supported by any facts." (R&R at 29.) In sum, Plaintiffs' claim consists of unsupported, "'shot in the dark' allegation[s]." *See Blaylock v. Wells Fargo Bank, N.A.*, No. 12–693, 2012 WL 2529197, at *5 (D. Minn. June 29, 2012); *Robinson v. Bank of Am., N.A.*, No. 11-2284, 2012 WL 2885128, at *9 n.11 (D. Minn. May 31, 2012) ("Plaintiffs' assertion that they have stated a claim for quiet title merely by alleging that they are in possession and that the foreclosing party does not have possession of the promissory note or is not entitled to enforce the note is just as frivolous as any other claim that is premised on the show-me-the-note theory." (citation omitted) (internal quotation marks omitted)), *report and recommendation adopted*, 2012 WL 2885477 (D. Minn. July 13, 2012).[8] Thus, the allegations in Plaintiffs' complaint are insufficient to overcome a motion to dismiss.

---

[8] *See also Anderson v. CitiMortgage, Inc.*, No. 12-230, 2012 WL 3025100, at *3-4 (D. Minn. July 24, 2012); *Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 987-88 (D. Minn. 2012). Plaintiffs argue that dismissal is inappropriate because Minnesota state pleading standards apply and render dismissal inappropriate. Even if Minnesota pleading standards apply, dismissal is warranted because Minnesota state courts "are always able to dismiss pleadings consisting solely of vague or conclusory allegations, wholly unsupported by fact." *See In re Milk Indirect Purchaser Antitrust Litig.*, 588 N.W.2d 772, 775 (Minn. Ct. App. 1999) (emphasis omitted).

### III. SLANDER OF TITLE

Plaintiffs next object to the Magistrate Judge's recommendation that this Court dismiss the slander of title claim. The Court will overrule this objection, as well.

Under Minnesota law, slander of title requires a plaintiff to establish that (1) a false statement (2) was published to others (3) maliciously[9] and (4) the publication caused the plaintiff pecuniary loss in the form of special damages. *See Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000). Plaintiffs' slander of title claim is largely based on a show-me-the-note theory. (Compl. ¶ 140 ("Defendants . . . maliciously published . . . Notices of Foreclosure purporting that they were holders in due course of Plaintiffs' Original Notes . . . .").) To the extent that the claim is not based on a show-me-the-note theory, Plaintiffs do not provide any facts to support their assertion that Defendants did not have authority to foreclose on the mortgages. The Court adopts the reasoning of the Magistrate Judge regarding Plaintiffs' slander of title claim and will dismiss it.[10]

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiffs' objections [Docket No. 66] and **ADOPTS** the Report

---

[9] A malicious statement is a "groundless disparagement of the plaintiff's title or property . . . made without probable cause." *Quevli Farms, Inc. v. Union Sav. Bank & Trust Co.*, 226 N.W. 191, 192 (Minn. 1929).

[10] Plaintiffs have not objected to the Magistrate Judge's recommendation that Plaintiffs' motion to amend be denied. Plaintiffs also do not object to the Magistrate Judge's conclusions on the counts in the complaint not discussed above, other than to state generally that the claims were not based on a show-me-the-note theory (which the Court addressed above). The Court will adopt the Magistrate Judge's well-reasoned analysis on these issues.

and Recommendation of the Magistrate Judge dated August 10, 2012 [Docket No. 65].

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Peterson, Fram and Bergman, P.A.'s Motion for Joinder in Response to Objection to Report and Recommendation [Docket No. 69] is **GRANTED**.

2. Defendants Bank of America, N.A., BAC Home Loans Servicing, LP, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., the Bank of New York Mellon, Federal Home Loan Mortgage Corporation's Motion to Dismiss the Complaint [Docket No. 4] is **GRANTED**.

3. Defendant Peterson, Fram and Bergman, P.A.'s Motion to Dismiss [Docket No. 9] is **GRANTED.**

4. Plaintiffs' Motion to Remand [Docket No. 20] is **DENIED**;

5. Plaintiffs' Motion for Leave to Amend Complaint [Docket No. 22] is **DENIED**.

6. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   September 27, 2012  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge